■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG VAN AMERON, Appellant.—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed and matter remitted to Orleans County Court for further proceedings in accordance with the following memorandum: Defendant was convicted on his plea of guilty to a charge of criminal possession of a controlled substance in the sixth degree (Penal Law, § 220.06, subd 3) and sentenced to an indeterminate term of imprisonment of seven years for possession of less than one ounce of marijuana. Under all of the circumstances the sentence should be reduced in the exercise of discretion in the interest of justice (CPL 470.15, subd 2, par [c]; subd 6, par [b]) to a revocable sentence of 60 days' imprisonment and five years' probation, pursuant to section 60.01 (subd 2, par [d]) of the Penal Law, the periods of imprisonment and probation to run concurrently. The case is remitted to Orleans County Court for the purpose of establishing appropriate conditions of probation pursuant to section 65.10 of the Penal Law designed to further defendant's rehabilitation, including but not limited to the standard provisions forbidding drug use and a condition that defendant continue outpatient treatments in a rehabilitative program for alcoholism. (Appeal from judgment of Orleans County Court—criminal possession controlled substance, sixth degree.) Present—Cardamone, J. P., Hancock, Jr., Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY DULLEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his sentence of 5 to 15 years' imprisonment was excessive and that the court erred in failing to comply with section 70.00 (subd 3, par [b]) of the Penal Law, requiring that when a minimum period of imprisonment is imposed, the court state the reasons therefor. At sentencing the court recommended that defendant receive psychiatric assistance "in overcoming these problems of sexual or deviate sexual behavior that you seem to have". Although the court should have stated specifically its reasons for fixing the minimum sentence, we think that the above statement sufficiently explains the reason therefor, and that it would be an unnecessary "salute to formalism" to reverse the sentence and to remand for resentencing (see *People v Rojas,* 42 NY2d 1035; *People v Esteves,* 41 NY2d 826). We do not find that the sentence is excessive. (Appeal from judgment of Niagara County Court—attempted rape, first degree.) Present—Cardamone, J. P., Hancock, Jr., Denman and Witmer, JJ.