OPINION OF THE COURT
John V. Aylward, J.
Defendant, pro se, makes this postjudgment motion seeking to vacate his sentence upon the ground that this court did not set forth its reasons for imposing a minimum sentence as required by section 70.00 (subd 3, par [b]) of the Penal Law. Defendant also seeks a resentencing claiming that he was not, and should have been, examined medically and treated as a narcotic addict pursuant to section 81.19 of the old Mental Hygiene Law.
*652 While the defendant’s notice of motion was not mailed to the parties before the return date, the court did hear the motion on July 31 and August 2, 1978 in the presence of the Assistant District Attorney and counsel retained by defendant to argue the motion.
Defendant was an 18 year old when he committed two armed robberies in the first degree, class B felonies. At the time of his plea in 1976 the then District Attorney, as a result of plea bargaining and sentence bargaining with the court’s consent over an extended period of time, obtained a plea of guilty to one count of robbery in the second degree, a class C felony, in satisfaction of both indictments, as well as other charges pending.
In obtaining the plea of guilty, the "bargained” sentence included the denial of youthful offender status and the imposition of a prison term of not less than 20 months nor more than 5 years at the Elmira Correctional Facility.
Defendant, who did not have any prior felony conviction, now complains that the court did not state its reasons on the record for imposing a minimum term. The minutes at the taking of the plea were detailed and plainly outlined the sentence to be imposed in the event that the defendant undertook to plead guilty to the amended charge. Defendant’s plea of guilty was not coerced. At that time he was represented by extremely capable, retained, trial counsel and defendant stated on the record that he understood the terms of the sentence to be imposed.
The primary objective of the statute requiring a court to state reasons for a minimum term of imprisonment is to give the defendant an opportunity to understand the terms of the sentence, the reasons therefor, and to appeal in the event of excessiveness. Where the sentence has been bargained for prior to plea, the need for such a statutory requirement diminishes. The defendant is fully aware of what is about to happen. If he objects to the anticipated sentence, he is not required to plead guilty to the bargained plea and bargained sentence. This court holds that where a minimum sentence is bargained for prior to the plea, it is unnecessary for the court to give its reasons therefor pursuant to section 70.00 (subd 3, par [b]) of the Penal Law.
On this motion defendant’s counsel argues and urges the court to impose a different sentence. If the court were to grant defendant’s request, the court would be changing the terms of *653 and thereby frustrating the bargain. The sentence imposed was not an illegal sentence. At most, on resentencing the court would impose the same sentence and give the reasons which are adequately inferred in the minutes at the taking of the guilty plea. It would be a futile and unnecessary gesture to bring this defendant back to court for resentencing, and this court declines to do so. (See People v Rojas, 42 NY2d 1035; People v Esteves, 41 NY2d 826; People v Dullen, 60 AD2d 785.)
As to the issue of a medical examination to determine whether or not defendant was a narcotic addict, defendant’s counsel has withdrawn that request. It appears from the record that defendant was examined prior to the plea and prior to the sentencing pursuant to the then Mental Hygiene Law. It was determined medically that he was not a narcotic addict.
The motion is denied in all respects.